**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| United States of America ex rel.<br>  The Tarbell Group, LLC,<br><br>  Plaintiff<br><br>  v.<br><br>Barrelville Outdoor Club,<br>Federal Employees Activities Association Inc.,<br>Funkstown Volunteer Fire Company Inc.,<br>Kings Contrivance Community Association<br>  Inc.,<br>Maryland Municipal League,<br>National Association for the Advancement of<br>  Colored People, and<br>Unknown John or Jane Does,<br><br>  Defendants | Civ. no. MJM-25-cv-916 |

## FIRST AMENDED COMPLAINT

### Nature of the Case

1.      Relator The Tarbell Group, LLC, brings this action for itself and the United States under the False Claims Act, 31 U.S.C. §§ 3729-3733, to recover funds illegally obtained by the defendants under federal COVID-19 relief laws.

### Jurisdiction and Venue

2.      The Court has jurisdiction of, and is the appropriate venue for, this matter because it arises under a federal law, because the United States is a plaintiff, and because in this judicial district each defendant can be found, resides, transacts business in, or committed an act proscribed by the False Claims Act. 28 U.S.C. §§ 1331, 1345; 31 U.S.C. § 3732(a).

**Parties—Relator**

3. Relator The Tarbell Group, LLC, is a limited liability company located in and organized under the laws of the Commonwealth of Virginia.

**Parties—501(c)(4) Defendants**

4. Defendant Barrelville Outdoor Club is an entity exempt from taxation under section 501(c)(4) of the Internal Revenue Code, 26 U.S.C. § 501(c)(4) ("Tax-Exempt 501(c)(4) Organization"). On the loan application(s) at issue herein, this defendant gave its address as 13916 Barrelville Rd, NW, Mount Savage, MD.

5. Defendant Federal Employees Activities Association Inc. is a Tax-Exempt 501(c)(4) Organization. On the loan application(s) at issue herein, this defendant gave its address as 7500 Security Boulevard, Baltimore, MD.

6. Defendant Funkstown Volunteer Fire Company Inc. is a Tax-Exempt 501(c)(4) Organization. On the loan application(s) at issue herein, this defendant gave its address as PO Box 670, Funkstown, MD.

7. Defendant Kings Contrivance Community Association Inc. is a Tax-Exempt 501(c)(4) Organization. On the loan application(s) at issue herein, this defendant gave its address as 7251 Eden Brook Drive, Columbia, MD.

8. Defendant Maryland Municipal League is a Tax-Exempt 501(c)(4) Organization. On the loan application(s) at issue herein, this defendant gave its address as 1212 West Street, Annapolis, MD.

9. Defendant National Association for the Advancement of Colored People is a Tax-Exempt 501(c)(4) Organization. On the loan application(s) at issue herein, this defendant gave its address as 4805 Mount Hope Drive, Baltimore, MD.

**Parties—Individual Defendants**

10. Defendants Unknown John or Jane Does were at all relevant times directors, officers, employees, or otherwise agents by and through whom Defendants respectively acted.

**Background**

11. To provide economic relief and stimulate the economy during the COVID-19 pandemic, Congress in 2020 enacted the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116-136, amended by, inter alia, the Paycheck Protection Program Flexibility Act of 2020, Pub. L. 116-142 and the American Rescue Plan Act of 2021, Pub. L. 117-2 (2021) (together with implementing regulations, referred to herein as the "PPP Program"). The PPP Program effectively transferred money from the federal government to eligible recipients via the United States Small Business Administration ("SBA"). The transfers took the form of private loans guaranteed, forgiven and reimbursed by SBA ("PPP Loans").

12. PPP Loan recipients could receive up to two loans, one in each of two tranches, each called a "draw," i.e., first-draw and second-draw PPP Loans.

13. As a condition of receiving PPP Loans and forgiveness thereof, each applicant was required to certify its eligibility under the PPP Program.

14. To receive a PPP Loan, each applicant was required to complete, sign, and submit to a participating lender a borrower application form prescribed by SBA. On that form, the applicant was required to certify, among other things, that it was eligible to receive a PPP Loan under the rules in effect at the time of the application. Such certification was material to, and a prerequisite of, the approval and disbursement of each PPP Loan and SBA's guarantee thereof. But for such certification, an applicant could not and would not receive a PPP Loan.

15. To obtain forgiveness of a PPP Loan, each borrower was likewise required to complete, sign, and submit to its lender a forgiveness application form prescribed by SBA. On

that form, the borrower was required to certify, among other things, its compliance with the requirements of the PPP Program, including its eligibility rules, and the truth and accuracy of the information provided. Each forgiveness application form advised the borrower that SBA could direct the lender to disapprove the application if SBA determined that the borrower was ineligible for its PPP Loan. Such certifications were material to, and a prerequisite of, forgiveness of each PPP Loan. But for such certifications, a borrower could not and would not obtain forgiveness.

16. The PPP Program at all times excluded Tax-Exempt 501(c)(4) Organizations from eligibility.

17. Each defendant, by and through the individual defendants who acted on its behalf, applied for and received one or more PPP Loans for which it was legally ineligible.

**PPP Loans**

18. Defendants received approval for, and forgiveness of, their PPP Loans on the dates and in the amounts shown on the table attached hereto, despite being legally ineligible for the same.

**First Cause of Action**
**False Claims Act, 31 U.S.C. § 3729(a)(1)(A) and (B)**
**First-Draw PPP Loan Applications**
**(Against All Institutional Defendants and Unknown John or Jane Does)**

19. Relator repeats and realleges each of the foregoing paragraphs.

20. Each defendant applied for and received a first-draw PPP Loan, which SBA approved on the date and in the amount shown for that loan on the table attached hereto.

21. On its application form for its first-draw PPP Loan, each defendant other than Federal Employees Activities Association Inc. certified that "The Applicant is eligible to receive

a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program . . ."

22. Defendant Federal Employees Activities Association Inc., which applied for its first-draw PPP Loan on or about early 2021, certified on its application form: "The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) and the Department of the Treasury (Treasury) implementing the Paycheck Protection Program . . ."

23. Each such certification was required as a material prerequisite to receive a PPP Loan.

24. Each such certification was false and known by the certifying defendant and the individual defendants acting on its behalf to be false within the meaning of the False Claims Act. Each defendant was ineligible for its first-draw PPP Loan because it was a Tax-Exempt 501(c)(4) Organization, which was at all times excluded from PPP eligibility.

25. By making the foregoing false certifications, each defendant and the individual defendants acting on its behalf did knowingly present, or cause to be presented, a false claim for payment or approval, and did knowingly make, use, or cause to be made or used, a false record or statement material to a false claim, in violation of 31 U.S.C. § 3729(a)(1)(A) and (B), to the injury of the United States.

**Second Cause of Action**
**False Claims Act, 31 U.S.C. § 3729(a)(1)(A) and (B)**
**Second-Draw PPP Loan Application**
**(Against Defendant Maryland Municipal League and Unknown John or Jane Does)**

26. Relator repeats and realleges each of the foregoing paragraphs.

27. Defendant Maryland Municipal League applied for and received a second-draw PPP Loan, which SBA approved on the date and in the amount shown on the table attached hereto.

28. On its application form for its second-draw PPP Loan, Defendant Maryland Municipal League certified: "The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) and the Department of the Treasury (Treasury) implementing Second Draw Paycheck Protection Program Loans . . ."

29. The certification was required as a material prerequisite to receive a PPP Loan.

30. The certification was false and known by Defendant Maryland Municipal League and the individual defendants acting on its behalf to be false within the meaning of the False Claims Act. Defendant Maryland Municipal League was ineligible for its second-draw PPP Loan because it was a Tax-Exempt 501(c)(4) Organization, which was at all times excluded from PPP eligibility.

31. By making the foregoing false certifications, Defendant Maryland Municipal League and the individual defendants acting on its behalf did knowingly present, or cause to be presented, a false claim for payment or approval, and did knowingly make, use, or cause to be made or used, a false record or statement material to a false claim, in violation of 31 U.S.C. § 3729(a)(1)(A) and (B), to the injury of the United States.

**Third Cause of Action**
**False Claims Act, 31 U.S.C. § 3729(a)(1)(A), (B), and (G)**
**First-Draw PPP Loan Forgiveness Applications**
**(Against All Institutional Defendants Except Kings Contrivance Community Association Inc., and Unknown John or Jane Does)**

32. Relator repeats and realleges each of the foregoing paragraphs.

33. Each defendant except Kings Contrivance Community Association Inc. applied for and obtained forgiveness of its first-draw PPP Loan by submitting a forgiveness application form to its lender. SBA forgave each such loan on the date and in the amount shown on the table attached hereto. The forgiveness status of the first-draw PPP Loan of Defendant Kings Contrivance Community Association Inc. is unknown to Relator, and that defendant is not included in this Count.

34. On the forgiveness application forms for their first-draw PPP Loans, Defendants Barrelville Outdoor Club, Federal Employees Activities Association Inc., and Funkstown Volunteer Fire Company Inc. each certified: "The Borrower has complied with all requirements in the Paycheck Protection Program Rules (Sections 7(a)(36), (7)(a)(37), and 7A of the Small Business Act, the PPP interim final rules, and guidance issued by SBA through the date of this application)."

35. Defendants Maryland Municipal League and National Association for the Advancement of Colored People each certified on the forgiveness application forms for their first-draw PPP Loans: "The information provided in this application and the information provided in all supporting documents and forms is true and correct in all material respects."

36. Each forgiveness application form further advised the borrower that "SBA may direct a lender to disapprove the Borrower's loan forgiveness application if SBA determines that the Borrower was ineligible for the PPP loan."

37. Each certification described above was required as a material prerequisite to obtain forgiveness of a PPP Loan.

38. Each such certification was false and known by the certifying defendant and the individual defendants acting on its behalf to be false within the meaning of the False Claims Act,

7

because each such defendant had been ineligible to receive its first-draw PPP Loan, as set forth in the First Cause of Action, and therefore was not entitled to forgiveness of that loan.

39. By making the foregoing false certifications, each such defendant and the individual defendants acting on its behalf did knowingly present, or cause to be presented, a false claim for payment or approval; did knowingly make, use, or cause to be made or used, a false record or statement material to a false claim; and did knowingly conceal, or knowingly and improperly avoid or decrease, an obligation to pay or transmit money or property to the United States government, in violation of 31 U.S.C. § 3729(a)(1)(A), (B), and (G), to the injury of the United States.

**Fourth Cause of Action**
**False Claims Act, 31 U.S.C. § 3729(a)(1)(A), (B), and (G)**
**Second-Draw PPP Loan Forgiveness Application**
**(Against Defendant Maryland Municipal League and Unknown John or Jane Does)**

40. Relator repeats and realleges each of the foregoing paragraphs.

41. Defendant Maryland Municipal League applied for and obtained forgiveness of its second-draw PPP Loan by submitting a forgiveness application form to its lender. SBA forgave that loan on the date and in the amount shown on the table attached hereto.

42. On its forgiveness application form for its second-draw PPP Loan, Defendant Maryland Municipal League certified: "The information provided in this application and the information provided in all supporting documents and forms is true and correct in all material respects."

43. The forgiveness application form further advised the borrower that "SBA may direct a lender to disapprove the Borrower's loan forgiveness application if SBA determines that the Borrower was ineligible for the PPP loan."

8

44. The certification described above was required as a material prerequisite to obtain forgiveness of a PPP Loan.

45. The certification was false and known by Defendant Maryland Municipal League and the individual defendants acting on its behalf to be false within the meaning of the False Claims Act, because Defendant Maryland Municipal League had been ineligible to receive its second-draw PPP Loan, as set forth in the Second Cause of Action, and therefore was not entitled to forgiveness of that loan.

46. By making the foregoing false certifications, Defendant Maryland Municipal League and the individual defendants acting on its behalf did knowingly present, or cause to be presented, a false claim for payment or approval; did knowingly make, use, or cause to be made or used, a false record or statement material to a false claim; and did knowingly conceal, or knowingly and improperly avoid or decrease, an obligation to pay or transmit money or property to the United States government, in violation of 31 U.S.C. § 3729(a)(1)(A), (B), and (G), to the injury of the United States.

### Prayer for Relief

47. WHEREFORE, Relator prays for the following relief against each defendant:

    a. A declaration that each defendant did violate the False Claims Act;

    b. An amount thrice the amount of PPP Loans and interest forgiven or otherwise not repaid with respect to each defendant, lending fees paid by SBA, foregone interest, and all other damages suffered by the United States government, plus civil penalties and applicable interest, under 31 U.S.C. § 3729(a)(1);

c.     The cost of this civil action, apportioned to each defendant respectively in proportion to its share of the aggregate damages recouped herein, under 31 U.S.C. § 3729(a)(3);

d.     An award to relator, including its reasonable expenses, attorneys' fees, and costs, under 31 U.S.C. § 3730(d)(1) or (2), as applicable; and

e.     Such other and further relief as may be just and proper.

## Demand for Jury Trial

48.     Relator demands a trial by jury.

Respectfully submitted,

/s/ Bruce Ellis Fein

Bruce Ellis Fein
Bruce Ellis Fein PLLC
P.O. Box 506
Great Falls, VA 22066
bruce@newdream.net
703-248-0390
*Attorney for Relator*

| Name | Type | Loan No. | Draw | Date Eligible | Date Approved | Loan Amount | Forgiveness Date | Amount Forgiven |
|---|---|---|---|---|---|---|---|---|
| Barrelville Outdoor Club | 501(c)(4) | 7417877909 | 1st | Never | 6/17/2020 | $8,300.00 | 7/2/2021 | $8,386.18 |
| Federal Employees Activities Association Inc. | 501(c)(4) | 5634578601 | 1st | Never | 3/20/2021 | $77,500.00 | 8/23/2021 | $77,820.62 |
| Funkstown Volunteer Fire Company Inc. | 501(c)(4) | 3735657202 | 1st | Never | 4/27/2020 | $12,100.00 | 7/22/2021 | $12,248.90 |
| Kings Contrivance Community Association Inc. | 501(c)(4) | 9071907100 | 1st | Never | 4/15/2020 | $55,466.00 | Unknown | Unknown |
| Maryland Municipal League | 501(c)(4) | 3059307304 | 1st | Never | 4/29/2020 | $321,100.00 | 3/25/2021 | $324,025.58 |
| Maryland Municipal League | 501(c)(4) | 4201178501 | 2nd | Never | 2/25/2021 | $322,085.00 | 11/3/2021 | $324,312.75 |
| National Association for the Advancement of Colored People | 501(c)(4) | 9255837108 | 1st | Never | 4/15/2020 | $2,037,637.00 | 8/9/2021 | $2,063,986.72 |